IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENICE BANGERTER,

    Plaintiff,                    No. CIV S-04-1510 MCE KJM PS

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court recommends plaintiff's motion for summary judgment or remand be denied and the Commissioner's cross-motion for summary judgment be granted.

/////

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated January 28, 2003, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found that plaintiff has severe impairments of asthma, back pain, bilateral hip and knee arthritis, epilepsy and alcohol abuse in remission, but these impairments or a combination thereof do not meet or medically equal a listed impairment; plaintiff is partially credible; plaintiff can perform light work with certain limitations; plaintiff cannot perform her past relevant work; based on the testimony of a vocational expert there are occupations existing in significant numbers that plaintiff is capable of

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

performing; and plaintiff is not disabled. AT 14-16. Plaintiff contends she is disabled from a back injury and epilepsy and that the vocational expert's testimony does not support the ALJ's determination that she is not disabled.[2]

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If

---

[2] In support of her motion for summary judgment, plaintiff has submitted medical exhibits not found in the administrative record. A case may be remanded to the Secretary for the consideration of new evidence if the evidence is material and good cause exists for the absence of the evidence from the prior record. Sanchez v. Secretary of HHS, 812 F.2d 509, 511-12 (9th Cir. 1987). Here, the additional evidence post-dates the date of the ALJ's decision. Although subsequent medical tests or examinations can sometimes shed light on a prior condition, the EMG and MRI submitted by plaintiff merely confirm the lumbar problems the ALJ found to be severe but not disabling. The MRI was considered by the Appeals Council, which found no basis for remand to the ALJ. AT 5, 269. The June 9, 2005 opinion of Dr. Brandt with respect to plaintiff's medical condition was rendered almost two and one half years after the ALJ's decision and acknowledges that plaintiff was not even seen by this doctor during the relevant time period. Accordingly, the additional evidence is not material and the matter should not be remanded for its consideration.

3

substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

      The ALJ determined plaintiff had severe impairments due to epilepsy and back pain but that these impairments did not preclude the ability to perform light work,[3] with the full range of such work reduced by exertional, nonexertional and environmental limitations. AT 15-16. These findings are supported by substantial evidence. Dr. Bermudez, who performed a consultative examination in July 2002, opined plaintiff could lift 20 pounds occasionally and 10 pounds frequently and that plaintiff had certain limitations in sitting, standing, bending, squatting, kneeling and climbing ladders. AT 227-232. Dr. Bermudez noted plaintiff's epilepsy was controlled with medications and that she could interact appropriately with the public. AT 231-232. The ALJ's residual functional capacity determination also is consistent with the internal medicine evaluation performed in April 2000 by psychiatrist and neurologist Dr. Pathak. AT 181-186. Dr. Kanwar, who performed a comprehensive internal medicine evaluation in December 1999, also assessed plaintiff as retaining the residual functional capacity to perform light work. AT 132-133. The comprehensive psychiatric examination performed in October 1999 revealed no work-related cognitive limitations. AT 127.

---

[3] 20 C.F.R. § 404.1567(b) provides:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

        The hypotheticals posed to the vocational expert were consistent with the residual functional capacity as found by the ALJ, which was supported by substantial evidence.  AT 316-319; see Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).  Plaintiff contends the vocational expert testified she could not perform the identified jobs when additional limitations were posited to the expert.  The vocational expert, upon cross-examination by plaintiff's attorney, clarified that the jobs identified as being available to plaintiff would not be eliminated by a limitation of being able to stand only for three hours because of the option of sitting.  AT 321.  With respect to mental limitations, as discussed above, substantial evidence supports the ALJ's conclusion that plaintiff was not limited as posed in the hypothetical by plaintiff's counsel.  See AT 127, 231-232; compare AT 323-324.  The hypothetical questions posed to the vocational expert by the ALJ set out all the substantial, supported limitations and restrictions of plaintiff and the expert's testimony was properly relied on by the ALJ in finding plaintiff was not disabled.  See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).

        The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY RECOMMENDED that:

        1. Plaintiff's motion for summary judgment be denied, and

        2. The Commissioner's cross motion for summary judgment be granted.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

/////

/////

/////

/////

1  objections shall be served and filed within ten days after service of the objections.  The parties
2  are advised that failure to file objections within the specified time may waive the right to appeal
3  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: January 27, 2006.

                                      UNITED STATES MAGISTRATE JUDGE

11  006  bangerter.ss